IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

W. SCOTT PEDDER,                         )
                                         )
                Plaintiff,               )
                                         )
        v.                               )    Civil Action No. 21-153-J
                                         )
KILOLO KIJAKAZI,                         )
*Acting Commissioner of Social Security*, )
                                         )
                Defendant.               )

<u>O R D E R</u>

AND NOW, this 29th day of June, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision that Plaintiff's eligibility for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, ended on August 31, 2017, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705

(3d Cir. 1981)).[1]

---

[1]       Plaintiff is proceeding *pro se* in this case, and while the Court believes that he has done a credible, good-faith job of explaining his position, the Court must, at the outset, explain the limited scope of its authority in this matter.  42 U.S.C. § 405(g) permits a district court to review a final decision of the Commissioner of Social Security.  However, judicial review is based solely on the pleadings and the transcript of the record, and the scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the findings of fact of the Administrative Law Judge ("ALJ") to determine whether they are supported by substantial evidence).  If the district court finds this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

Therefore, the Court here is limited to reviewing the record before it to assure itself that this record adequately supports the ALJ's decision that Plaintiff's disability ended on August 31, 2017.  Whether Plaintiff was disabled during some time other than the relevant period is outside the Court's scope of review.  Therefore, the Court cannot consider evidence from the later administrative proceedings based on a new application for benefits cited by Plaintiff.  Likewise, the Court cannot hold an evidentiary hearing because evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence.  *See Matthews*, 239 F.3d at 594; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011).  In short, the Court has no authority to do anything but to review the record in this administrative case and evaluate the decision of this ALJ.

To summarize the facts in this matter, on July 25, 2013, a prior ALJ found Plaintiff to be disabled due to a left tibia fracture that met then-current Listing 1.06, 20 C.F.R. Part 404, Subpart P, Appendix 1, with an onset date of May 17, 2012.  (R. 173-77).  However, pursuant to 20 C.F.R. § 404.1594, the Social Security Administration ("SSA") is required to review a claimant's continued entitlement to benefits periodically; indeed, because in this case medical improvement was expected with appropriate treatment, the ALJ recommended a continuing disability review in  24 months.  (R. 177).  Accordingly, a new ALJ, on December 4, 2018, found that Plaintiff was no longer disabled as of August 31, 2017, because his left tibia fracture no longer satisfied the criteria to meet one of the listings in 1.00 and because Plaintiff retained the residual functional capacity ("RFC") to perform jobs that exist in sufficient numbers in the national economy.

Among the factors considered by the SSA in determining whether the claimant's disability continues is whether "there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." 20 C.F.R. § 404.1594(a).

> Medical improvement is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [the claimant's] impairment(s).

*Id.* at § 404.1594(b)(1). Plaintiff contends that the ALJ's finding that he had experienced medical improvement was in error because he over-relied on the inaccurate findings of the consultative examiner in rendering his decision. While the Court understands Plaintiff's position, it finds that the record dictates a different result.

Specifically, Plaintiff argues that the ALJ improperly gave more weight to the opinion of consultative examiner James Frommer, D.O. (R. 575-89), than to that of David P. Fowler, M.D., Plaintiff's treating orthopedic surgeon. However, Dr. Fowler did not, in fact, offer an opinion as to Plaintiff's ability to work. According to the SSA's regulations, medical opinion evidence consists of a statement or statements "from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D)." 20 C.F.R. § 404.1513(a)(2). Evidence from a medical source that is neither an opinion nor objective medical evidence (*e.g.*, "medical signs" or "laboratory findings") is categorized as "Other medical evidence." *Id.* § 404.1513(a)(3). This category of evidence "includ[es] judgments about the nature and severity of [the claimant's] impairments, [his] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." *Id.* Dr. Fowler's notes fall into this category; at no point did he offer an opinion as to what Plaintiff can still do despite his impairments or whether he meets or equals a listing. Nonetheless, the ALJ expressly considered and discussed Dr. Fowler's records in rendering his decision.

Dr. Frommer, on the other hand, did offer an opinion as to Plaintiff's functional ability. The ALJ, as he was required to do, considered this opinion in formulating Plaintiff's RFC. However, the ALJ did not rely solely on Dr. Frommer's opinion in making his findings, and, in fact, gave it only partial weight. (R. 17). He also considered the other opinion evidence, including the findings of state agency medical consultants Diane Fox, M.D. (R. 190-92), and Nghia Van Tran, M.D., (R. 631-38). All of these opinions were generally in agreement that Plaintiff could perform a limited range of medium work, and indeed, the restrictions included in the RFC were actually more restrictive in some ways than those opined by Drs. Frommer, Fox, and Van Tran.

Plaintiff has obviously alleged that he suffered from greater limitations than what was reflected in the RFC.  However, while a claimant's testimony regarding his subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question.  *See* 20 C.F.R. § 404.1529(c)(4); *Chandler*, 667 F.3d at 363.  Although the ALJ found that Plaintiff's conditions could reasonably be expected to cause the alleged symptoms, he found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the evidence.  He proceeded to discuss at significant length the objective medical evidence, including Dr. Fowler's records, Plaintiff's activities of daily living, and the medical opinion evidence.  It is important to remember that the issue is not the nature of Plaintiff's diagnosis, but what functional limitations his conditions caused.  *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006).  Substantial evidence supports the ALJ's finding that, based his medical improvement, Plaintiff could still work despite his functional limitations.

Plaintiff further suggests that Dr. Frommer's report was somehow inaccurate, particularly in regard to his use of an assistive device (*i.e.*, a cane) to ambulate.  However, the Court again emphasizes that it is limited to reviewing the record that was before the ALJ, and nothing in that record suggests any issues with Dr. Frommer's report.  The report contains all of the necessary elements of a consultative examination and appears to be sufficient on its face.  *See* 20 C.F.R. § 404.1519n(c).  Indeed, other than a statement that Dr. Frommer did not touch his body during the consultative examination, Plaintiff did not allege any irregularities or mistakes in Dr. Frommer's report at the administrative hearing.  (R. 18).  The Court further points out that Dr. Frommer, in his opinion, indicated that Plaintiff did require the use of a cane (R. 581), and that the ultimate RFC findings did provide that Plaintiff needed a cane to walk long distances on an occasional basis.  (R. 14).

Plaintiff also asserts, as he did to the Appeals Council, that additional evidence demonstrates that the ALJ's decision was incorrect.  As the Court has explained, it cannot consider evidence that was not before the ALJ in its determination of whether or not the ALJ's decision was supported by substantial evidence, even if that evidence was provided to the Appeals Council.  *See Matthews*, 239 F.3d at 594.  Under certain circumstances, a court can remand a case on the basis of evidence that was not before the ALJ under sentence six of 42 U.S.C. § 405(g).  Plaintiff, though, does not request a "new evidence" remand, nor would one be warranted in any event, as there is no basis for finding a reasonable possibility that the records provided to the Appeals Council would have changed the outcome of the determination.  *See Matthews*, 239 F.3d at 594; *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984).  The material, much of which refers to routine medical management, in no way sheds any different light on Plaintiff's functional capacity, and in fact, much of it was already in the record.

The Court is conscious of the issues raised by Plaintiff, but emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft*, 181 F.3d at 360; *Monsour Med. Ctr.*, 806 F.2d at 1190-91; *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  In addition, "[t]he presence of evidence in the

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 23) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 27) is GRANTED as set forth herein.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:         Counsel of record

cc:          W. Scott Pedder
             2340 Reynoldsdale Road
             New Paris, PA 15554

---

record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, the ALJ considered and discussed the objective medical evidence, Plaintiff's testimony, and the medical opinion evidence. All of this constitutes substantial evidence in support of the ALJ's findings.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ employed the proper legal standards and that substantial evidence supports his decision. The Court will therefore affirm.